UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON LEWIS CAIN,

        Petitioner,

                                  Case No. 2:19-cv-10346
v.                                Honorable Nancy G. Edmunds

THOMAS WINN,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S REQUESTS [ECF Nos. 11, 14-15] TO VACATE THE ORDER OF REASSIGNMENT, GRANTING PETITIONER'S MOTION FOR A STAY [ECF No. 3], DENYING PETITIONER'S MOTION TO APPOINT COUNSEL [ECF No. 2] AND HIS MOTION FOR AN EVIDENTIARY HEARING [ECF No. 4], AND CLOSING THIS CASE FOR ADMINISTRATIVE PURPOSES

Petitioner Brandon Lewis Cain has filed *pro se* habeas corpus petition under 28 U.S.C. § 2254. The habeas petition challenges Petitioner's convictions for first-degree murder, torture, unlawful imprisonment, and two weapon offenses. Petitioner seeks a stay of this proceeding while he exhausts state remedies for a claim not previously presented to the state courts. He also seeks appointment of counsel, an evidentiary hearing, and an order vacating the order of reassignment to this Court. For the reasons given below, the motion for a stay will be granted, and the other motions and requests will be denied.

### I. Background

Following a jury trial in 2012, Petitioner was convicted of two counts of premeditated murder, Mich. Comp. Laws § 750.316(1)(a), two counts of felony murder,

Mich. Comp. Laws § 750.316(1)(b),[1] two counts of torture, Mich. Comp. Laws § 750.85, two counts of unlawful imprisonment, Mich. Comp. Laws § 750.349b, one count of felon in possession of a firearm, Mich. Comp. Laws § 570.224f, and one count of possessing a firearm during the commission of a felony, Mich. Comp. Laws § 570.227b. The trial court sentenced Petitioner to life imprisonment for the murders and concurrent terms of twenty to fifty years in prison for the torture convictions, three to fifteen years in prison for the unlawful-imprisonment convictions, and one to five years in prison for the felon-in-possession conviction. The trial court sentenced Petitioner to a consecutive term of two years in prison for the felony-firearm conviction.

Petitioner moved for a peremptory reversal of his convictions on the basis that the trial court read the wrong oath to the jury following *voir dire*. The Michigan Court of Appeals granted Petitioner's motion and remanded his case for a new trial. The prosecutor, however, appealed the appellate court's decision. The Michigan Supreme Court then vacated the lower court's order, reinstated Petitioner's convictions and sentences, and directed the Michigan Court of Appeals to consider Petitioner's remaining claims. *See People v. Cain*, 498 Mich. 108; 869 N.W.2d 829 (2015).[2]

---

[1] There were two murder victims, but the prosecution proceeded on the theory that Petitioner was guilty of premeditating the murders and committing the murders during the commission of another felony.

[2] Justice David F. Viviano filed a dissenting opinion, which Justice Bridget Mary McCormack joined.

On remand to the Michigan Court of Appeals, Petitioner argued that (1) his trial attorney was ineffective for failing to produce an expert witness on cell phones, (2) the trial court should have granted his motion for a severance, (3) the trial court made errors when a former co-defendant decided to plead guilty and testify for the prosecution, and (4) the trial court's questioning of certain witnesses demonstrated bias for the prosecution. The Michigan Court of Appeals affirmed Petitioner's convictions, but remanded his case so that the trial court could vacate Petitioner's duplicative murder convictions and sentences. See People v. Cain, No. 314342, 2016 WL 146029 (Mich. Ct. App. Jan. 12, 2016) (unpublished). On June 28, 2016, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. See People v. Cain, 499 Mich. 971; 880 N.W.2d 540 (2016).

On October 13, 2016, Petitioner filed a motion for relief from judgment in the state trial court. He claimed that (1) his appellate attorney was ineffective, (2) he had newly discovered evidence, (3) his trial attorney was ineffective for failing to call Nyiesha Jones as a witness, (4) the prosecution's motion was heard and granted without defense counsel being present, (5) trial counsel failed to admit a 911 call to establish that a victim did not know the identity of her kidnapper, (6) the courtroom was closed during *voir dire*, (7) the trial court was biased in favor of the prosecution, and (8) his trial attorney could have testified that the money he received from a co-defendant was paid to his attorney in another case. Petitioner also alleged that the cumulative effect of the errors prejudiced him, he was actually innocent, and he had newly-discovered evidence in the form of an affidavit by proposed witness Anthony Hunter. The trial court denied Petitioner's motion

on December 13, 2016, and the Michigan Court of Appeals denied leave to appeal the trial court's decision. *See People v. Cain*, No. 337966 (Mich. Ct. App. July 7, 2017) (unpublished). On May 16, 2018, the Michigan Supreme Court also denied leave to appeal. *See People v. Cain*, 501 Mich. 1074; 911 N.W.2d 193 (2018), *reconsideration denied*, 502 Mich. 941; 915 N.W.2d 465 (2018).

Meanwhile, in 2017, Petitioner filed three habeas corpus petitions in this District. The first two petitions were summarily dismissed because Petitioner did not identify the conviction he was challenging. *See Cain v. McCullick*, No. 2:17-cv-11319 (E.D. Mich. May 11, 2017); *Cain v. Balcarcel*, No. 1:17-cv-11852 (E.D. Mich. June 21, 2017). The third petition challenged a conviction for two counts of assault with intent to commit murder. That petition was held in abeyance, and the case was administratively closed, while Petitioner pursued state remedies. *See Cain v. McCullick*, No. 5:17-cv-12268 (E.D. Mich. July 17, 2017).

On February 4, 2019, Petitioner filed his habeas corpus petition in this case. He alleges as grounds for relief that: (1) he has satisfied the "actual innocence" standard of *Schlup v. Delo*, 513 U.S. 298 (1995); (2) the trial court violated his right to due process by failing to properly swear the jurors after jury selection; (3) the trial court mishandled the situation that arose when co-defendant Miguel Rodriguez chose to plead guilty mid-trial and refused to testify; (4) he was deprived of his right to an impartial judge; (5) he was deprived of effective assistance of counsel; (6) he was deprived of his right to a public trial when the trial court prevented his family, friends, and other supporters from observing the *voir dire* proceeding; (7) the trial court deprived him of due process by failing

4

to read the standard criminal jury instruction on identification; (8) the trial court erred when it admitted various witnesses' cell phone records; (9) the prosecutor engaged in misconduct by arguing facts not supported by any evidence; and (10) appellate counsel provided ineffective assistance by failing to raise "dead bang" issues on direct appeal.

Petitioner moved for a stay, for appointment of counsel, and for an evidentiary hearing on the same day that he filed his habeas petition. Petitioner contends that he needs an attorney to ensure that his cases are sufficiently presented to the court and that he needs an evidentiary hearing to develop the facts for his claims about his trial and appellate attorneys and to show that he is actually innocent. In his motion for a stay, Petitioner asks the Court to hold his habeas petition in abeyance while he exhausts state remedies for a newly-discovered claim that his trial attorney received funds from the prosecution's key witness. Finally, in two letters to the Court and in an affidavit filed on April 8, 2019, Petitioner objects to the reassignment of his case from United States District Judge David M. Lawson to this Court.

## II. Discussion

### A. The Case Assignment

Petitioner's case initially was randomly assigned to Judge Lawson. On February 14, 2019, the case was reassigned to this Court as a companion to Petitioner's first habeas corpus petition. Petitioner maintains that his 2017 case was a grievance about jail conditions and that the case had nothing to do with his criminal convictions or with being illegally detained. He seeks to have the Court vacate the order of reassignment from Judge Lawson to this Court and to reassign his case to United States District Judge

Judith E. Levy, who was assigned to the third habeas case that Petitioner filed in 2017. See Cain v. McCullick, No. 5:17-cv-12268 (E.D. Mich. 2017).

While it is true that Petitioner did not list any convictions in his first and second habeas cases (case numbers 2:17-cv-11319 and 1:17-cv-11852), he did label his pleadings a petition for the writ of habeas corpus under 28 U.S.C. § 2254. He also stated that he was unconstitutionally restrained by his warden in violation of his federal rights and that all his claims were fully exhausted. He did not mention anything about jail conditions. In fact, he was incarcerated in a state prison at the time.

Further, under this District's Local Rules, successive habeas corpus petitions must be assigned to the judge to whom the initial petition was assigned. LR 83.11(b)(5). Because case number 2:17-cv-11319 was Petitioner's first habeas case and because that case was assigned to this Court, the present case was properly reassigned from Judge Lawson to this Court. The Court is not required to reassign this case to Judge Levy because the case before Judge Levy challenges a different conviction.

Accordingly, the Court denies Petitioner's requests (ECF Nos. 11,14, and 15) to vacate the order reassigning this case from Judge Lawson to this Court. The Court will proceed to address Petitioner's motions for a stay, for appointment of counsel, and for an evidentiary hearing.

### B. The Motions to Stay, to Appoint Counsel, and to Hold an Evidentiary Hearing

In his motion for a stay, Petitioner asks the Court to stay this federal case and to hold his habeas petition in abeyance while he exhausts state remedies for a new claim that his trial attorney "received funds from a State's key witness behind Petitioner's back."

Mot. to Stay, ECF No. 3, ¶ 1. The doctrine of exhaustion of state remedies requires state prisoners to give the state courts an opportunity to act on their claims before they present their claims to a federal court in a habeas corpus petition. See 28 U.S.C. § 2254(b)(1), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This requirement is satisfied if the prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan*, 526 U.S. at 845, 847. Thus, to properly exhaust state remedies, a prisoner must fairly present the factual and legal basis for each of his claims to the state court of appeals and to the state supreme court before raising the claims in a federal habeas corpus petition. *Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009).

Without the state-court record, the Court is unable to determine whether Petitioner has exhausted state remedies for all his present claims. However, he wishes to amend his petition to include a new claim that he did not previously raise in state court. A dismissal of this case while Petitioner pursues additional state-court remedies could result in a subsequent petition being barred by the one-year statute of limitations, 28 U.S.C. § 2244(d). The Supreme Court, however, has approved a "stay-and-abeyance" procedure that allows district courts to stay a federal proceeding and to hold a habeas petition in abeyance while the petitioner pursues state remedies for his unexhausted claims. See *Rhines v. Weber*, 544 U.S. 269, 275 (2005). After the prisoner exhausts his state remedies, the federal court can lift its stay and allow the petitioner to proceed in federal court. *Id.* at 275-76.

The *Rhines* stay-and-abeyance procedure is available when the petitioner has good cause for the failure to exhaust his state remedies first in state court, the unexhausted claims are potentially meritorious, and the petitioner is not engaged in abusive litigation tactics. *Id.* at 278. If the prisoner satisfies those conditions, the district court should stay, rather than dismiss, the petition. *Id.*

Petitioner does not appear to be engaged in abusive litigation tactics, and the contention that his trial attorney received funds from a key prosecution witness without Petitioner's knowledge is not clearly meritless. Furthermore, because Petitioner allegedly discovered the basis for his new claim only recently, he has shown good cause for not raising the claim on appeal or in his motion for relief from judgment. Thus, the *Rhines* factors arguably are satisfied.

An additional question is whether Petitioner has an available state remedy to exhaust. He filed a previous motion for relief from judgment in the state trial court, and the Michigan Court Rules generally prohibit the filing of more than one motion for relief from judgment. *See* Mich. Ct. R. 6.502(G)(1) (providing that, "after August 1, 1995, one and only one motion for relief from judgment may be filed with regard to a conviction"). An exception exists, however, for claims of new evidence that were not discovered before the first motion for relief from judgment was filed. *See* Mich. Ct. R. 6.502(G)(2). In light of this exception, Petitioner may still have an available state remedy to exhaust. The Court, therefore, grants Petitioner's motion for a stay (ECF No. 3) and denies as moot his motion for appointment of counsel (ECF No. 2) and his motion for an evidentiary hearing (ECF No. 4).

The Court **orders** Petitioner to present his new claim to the state trial court within **sixty (60) days** of the date of this order. If Petitioner is unsuccessful in state court and wishes to return to federal court, he must file an amended habeas corpus petition and a motion to lift the stay in this case, using the same caption and case number that appear on page one of this order. The amended petition and motion to lift the stay must be filed within **sixty (60) days** of exhausting state remedies.

The Court expresses no opinion on whether any of Petitioner's present claims or his future claim will be barred from substantive review if, and when, Petitioner returns to this Court. Additionally, any failure to comply with this order could result in the dismissal of this case. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014). Finally, the Court is closing this case for administrative purposes. Nothing in this order should be construed as an adjudication of Petitioner's claims.

x_____
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

Dated: