UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON LEWIS CAIN,

        Petitioner,

v.

Case No. 2:19-cv-10346
Honorable Nancy G. Edmunds

THOMAS WINN,

        Respondent.
_____/

**<u>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION [17],
GRANTING HIS REQUEST TO AMEND HIS MOTION FOR RECONSIDERATION,
BUT DENYING THE AMENDED MOTION FOR RECONSIDERATION [18],
DENYING PETITIONER'S MOTION FOR A TRANSFER [20],
DENYING AS MOOT HIS MOTION FOR IMMEDIATE CONSIDERATION [21],
AND DENYING HIS MOTIONS FOR RELIEF UNDER RULE 60(b) [23 & 24]</u>**

This matter came before the Court following a reassignment of the case from United States District Judge David M. Lawson to this Court. Petitioner objected to the reassignment. On July 11, 2019, the Court denied Petitioner's objection, granted his previous request for a stay, and closed this case for administrative purposes.

Now before the Court are Petitioner's motions to reconsider the portion of its previous order that denied his requests to vacate the reassignment of this case from Judge Lawson to this Court. Petitioner also seeks relief under Federal Rule of Civil Procedure 60(b) and an order transferring him from a prison in the Upper Peninsula of Michigan to a prison within this judicial district and division. For the reasons given below, the Court is denying Petitioner's motions for reconsideration, for a transfer, for immediate consideration of the motion for a transfer, and for relief from a ruling in the Court's

previous order. The Court is granting Petitioner's motion to amend his motion for reconsideration.

## I. Background

The Court provided a detailed procedural history of this case in its previous order. The Court noted that Petitioner was convicted of murder, torture, unlawful imprisonment and two weapon offenses in 2012. His convictions ultimately were confirmed on direct appeal, and he was denied relief during state collateral proceedings.

In 2017, Petitioner filed three habeas corpus petitions in this District. The first two petitions were summarily dismissed because Petitioner did not identify the conviction he was challenging or state any grounds for relief. *See Cain v. McCullick*, No. 2:17-cv-11319 (E.D. Mich. May 11, 2017), which was assigned to this Court, and *Cain v. Balcarcel*, No. 1:17-cv-11852 (E.D. Mich. June 21, 2017), which was assigned to United States District Judge Thomas L. Ludington. The third petition challenged an unrelated conviction for two counts of assault with intent to commit murder. That petition was assigned to United States District Judge Judith E. Levy. *See Cain v. McCullick*, No. 5:17-cv-12268 (E.D. Mich. June 30, 2017).

On February 4, 2019, Petitioner filed his habeas corpus petition in this case and a motion to stay the case while he exhausted state remedies for a newly-discovered claim. *See* Pet., ECF No. 1 and Mot. to Stay, ECF No. 3. The case was randomly assigned to United States District Judge David M. Lawson, but on February 14, 2019, it was reassigned to this Court as a companion to Petitioner's first habeas petition. *See* Order, ECF No. 7. Petitioner objected to the reassignment in a letter, request, and affidavit. *See* ECF Nos. 11, 14, and 15. On July 11, 2019, the Court denied Petitioner's requests to

vacate the reassignment. See Order, ECF No. 16. In the same order, the Court granted Petitioner's motion for a stay and closed this case for administrative purposes. The pending motions followed.

## II. Discussion

### A. The Motion for Reconsideration, the Motion to Amend the Motion for Reconsideration, and the Amended Motion for Reconsideration

In his first motion for reconsideration (ECF No. 17), Petitioner asks the Court to reconsider its denial of his request to vacate the order reassigning his case to this Court. In his motion to amend (ECF No. 18, PageID. 254-255), Petitioner seeks permission to amend his motion for reconsideration to add facts and rules that he wants the Court to consider when ruling on his request for reconsideration. The motion to amend is granted. This District's Local Rules, however, state that

> the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

LR 7.1(h)(3).

This Court ruled on the issue of the case reassignment in its previous order, and Petitioner has not demonstrated that the Court made a palpable error by denying his request to vacate the reassignment. It appeared to the Court that the same or related parties were present in both cases and that this case arose from the same transaction or occurrence as the first petition. This was a sufficient basis for concluding that the present case was a "successive" petition and a companion case under Local Rule 83.11(b)(7)(ii).

3

Accordingly, Petitioner's motion for reconsideration and the amended motion for reconsideration which is attached to Petitioner's motion to amend are denied pursuant to Local Rules 7.1(h)(3) and 83.11(b)(7)(ii).

## B. The Motions for Relief under Rule 60(b)

In two identical motions filed in January of this year, Petitioner challenges the reassignment of his case to this Court under Federal Rule of Civil Procedure 60(b). The subsections of the rule on which Petitioner relies authorize a federal court to relieve a party from a final judgment, order, or proceeding for a "mistake" and "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1) and 60(b)(6).

Petitioner contends that the Court erred in its previous order when it concluded that his present case is a successive petition and a companion to his first habeas petition. He contends that his petition is neither a companion case, nor a successive petition.

The Court of Appeals for the Sixth Circuit has stated that, "by its terms, Rule 60(b) applies only to final judgments," *Mallory v. Evrich*, 922 F.2d 1273, 1277 (6th Cir. 1991), and that an "order reassigning judges is not a final appealable order which ended the litigation on the merits[;] nor does it fit into the collateral order exception." *O'Guin v. May*, 810 F.2d 202 (6th Cir. 1986) (unpublished) (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463 (1978); *Cohen v. Beneficial Industrial Loan Corporation*, 337 U.S. 541 (1949); and *Catlin v. United States*, 324 U.S. 229 (1945)).[1] "While courts [do] have the authority

---

[1] "The collateral order doctrine permits appellate review of decisions which 'finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.' " *In re Dow Corning Corp.*, 255 B.R. 445, 540 (E.D. Mich. 2000) (quoting *Cohen*, 337 U.S. at 546),

4

to revisit their non-final orders, a mere case reassignment is not a sound legal basis for doing so." *Bailey v. City of Howell*, No. 2:13-CV-14082, 2015 WL 736599, at *8 (E.D. Mich. Feb. 20, 2015) (unpublished), *aff'd*, 643 F. App'x 589 (6th Cir. 2016). Accordingly, the motions for relief under Rule 60(b) are denied.

### C. The Motions to For a Transfer and for Immediate Consideration

In his motion for a transfer of custody, Petitioner points out that he was incarcerated within this judicial district when he filed his petition. He alleges that, even though he was a model prisoner, he was transferred out of this District to a prison in the State's Upper Peninsula because he was performing legal work. He contends that his confinement in the Upper Peninsula is a hardship because the law library there is outdated, and the computers have not been operational. He also contends that the transfer has made it difficult for him to schedule a polygraph test to prove his innocence, and it has made it nearly impossible for attorneys to visit him. He seeks an order (i) transferring him back to the Southern Division of the Eastern District of Michigan and (ii) forestalling any future transfers.

Petitioner alleges that the Federal Rules of Appellate Procedure forbid state officials from transferring custody of a prisoner to another custodian pending review of a habeas corpus petition. Federal Rule of Appellate Procedure 23(a), in fact, "prohibits the transfer of custody of a prisoner pending review of a decision in a habeas corpus

---

*aff'd and remanded for matters needing additional findings*, 280 F.3d 648 (6th Cir. 2002).

proceeding filed by that prisoner in federal court except by order of the court rendering the decision." *Goodman v. Keohane*, 663 F.2d 1044, 1047 (11th Cir. 1981). That rule, however, "prohibits transfer of a prisoner pending *appellate review* of a decision in a habeas corpus proceeding." *Benedict v. U.S. Parole Comm'n*, 569 F. Supp. 438, 448 n. 19 (E.D. Mich. 1983) (emphasis in original); *see also Mitchell v. McCaughtry*, 291 F. Supp. 2d 823, 835 (E.D. Wis. 2003) (stating that Appellate Rule 23(a) "applies only when a habeas action is before the court of appeals on review of a district court's decision") (citing *Pethtel v. Att'y Gen. of Ind.*, 704 F. Supp. 166, 168-69 (N.D. Ind. 1989)).

Furthermore, prisoners have no constitutional right to placement in any particular prison if a state has more than one correctional institution. *Meachum v. Fano*, 427 U.S. 215, 224 (1976). Although Petitioner fears that the Court will lose jurisdiction of his case due to his transfer to a prison outside this judicial district, "courts have held that transfers made in violation of [Rule 23(a)] do not divest a court reviewing a habeas decision of its jurisdiction, regardless of the petitioner's absence from the territorial jurisdiction of the court." *Goodman*, 663 F.2d at 1047 (collecting cases).

Finally, a prisoner's challenge to a transfer from one prison to another prison is a challenge to the conditions of confinement. *Turnboe v. Gundy*, 27 F. App'x 339, 340 (6th Cir. 2001). The proper remedy for a constitutional challenge to the conditions of prison life is a civil rights action under 42 U.S.C. § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973).

For all these reasons, the Court denies Petitioner's motion (ECF No. 20) for a transfer to a prison located in the Southern Division of the Eastern District of Michigan.

proceeding filed by that prisoner in federal court except by order of the court rendering the decision." *Goodman v. Keohane*, 663 F.2d 1044, 1047 (11th Cir. 1981). That rule, however, "prohibits transfer of a prisoner pending *appellate review* of a decision in a habeas corpus proceeding." *Benedict v. U.S. Parole Comm'n*, 569 F. Supp. 438, 448 n. 19 (E.D. Mich. 1983) (emphasis in original); *see also Mitchell v. McCaughtry*, 291 F. Supp. 2d 823, 835 (E.D. Wis. 2003) (stating that Appellate Rule 23(a) "applies only when a habeas action is before the court of appeals on review of a district court's decision") (citing *Pethtel v. Att'y Gen. of Ind.*, 704 F. Supp. 166, 168-69 (N.D. Ind. 1989)).

Furthermore, prisoners have no constitutional right to placement in any particular prison if a state has more than one correctional institution. *Meachum v. Fano*, 427 U.S. 215, 224 (1976). Although Petitioner fears that the Court will lose jurisdiction of his case due to his transfer to a prison outside this judicial district, "courts have held that transfers made in violation of [Rule 23(a)] do not divest a court reviewing a habeas decision of its jurisdiction, regardless of the petitioner's absence from the territorial jurisdiction of the court." *Goodman*, 663 F.2d at 1047 (collecting cases).

Finally, a prisoner's challenge to a transfer from one prison to another prison is a challenge to the conditions of confinement. *Turnboe v. Gundy*, 27 F. App'x 339, 340 (6th Cir. 2001). The proper remedy for a constitutional challenge to the conditions of prison life is a civil rights action under 42 U.S.C. § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973).

For all these reasons, the Court denies Petitioner's motion (ECF No. 20) for a transfer to a prison located in the Southern Division of the Eastern District of Michigan.

The Court denies as moot Petitioner's motion for immediate consideration of his motion for a transfer and to forestall future transfers (ECF No. 21).

### III. Conclusion and Order

For the reasons given above, Petitioner's motion for reconsideration (ECF No. 17) and amended motion for reconsideration (ECF No. 18, PageID. 256-267) are denied. The motion to amend the first motion for reconsideration (ECF No. 18, PageID. 254-255) is granted.

The "motion to permit and to forestall future transfers" (ECF No. 20) is denied, and the motion for immediate consideration of the motion to permit and to forestall future transfers (ECF No. 21) is denied as moot.

The motions under Rule 60(b) likewise are denied. This case remains stayed, and any future motions, other than a motion to re-open this case, could be stricken.

s/ Nancy G. Edmunds
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

Dated: